IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEREDITH L. CUNNINGHAM, ) | |
| ) | |
| on behalf of herself and all others ) | |
| similarly situated, ) | Case No. 07C 2498 |
| ) | |
| Plaintiff, ) | Judge Manning |
| ) | |
| vs. ) | Magistrate Judge Keys |
| ) | |
| ) | |
| FIRST PREMIER BANK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S REPONSE IN OPPOSITION TO
## DEFENDANT FIRST PREMIER BANK'S MOTION TO DISMISS

The basis for liability in this matter is Defendant's failure to include a "firm offer of credit" in the prescreened Platinum MasterCard offer it mailed to the Plaintiff. Because that offer does not contain a "firm offer of credit," the Defendant lacked a permissible purpose for accessing Plaintiff's consumer report in connection with making the offer and thus violated section 1681b(f) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, not the merits of a claim. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). A court examines the facts alleged in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The motion will fail "unless it appears beyond a

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint need not set out in detail the facts upon which a plaintiff bases her claim. *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985).

## ARGUMENT

Because the basis for liability in this matter involves Defendant's failure to include a "firm offer of credit" in the prescreened offer of credit it mailed to Plaintiff, it is perhaps both instructive and incumbent on Plaintiff to excerpt, in full, the FCRA's definition of a "firm offer of credit." The FCRA defines a "firm offer of credit" as follows:

> The term "firm offer of credit or insurance" means any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer, **except that the offer may be further conditioned on one or more of the following:**
>
> (1) The consumer being determined, based on information in the consumer's application for the credit or insurance, to meet specific criteria bearing on credit worthiness or insurability, as applicable, that are established
>
>     (A) before selection of the consumer for the offer; and
>
>     (B) for the purpose of determining whether to extend credit or insurance pursuant to the offer.
>
> (2) Verification
>
>     (A) that the consumer continues to meet the specific criteria used to select the consumer for the offer, by using information in a consumer report on the consumer, information in the consumer's application for the credit or insurance, or other information bearing on the credit worthiness or insurability of the consumer; or

2

&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;(B)&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20; of the information in the consumer's application for the credit or insurance, to determine that the consumer meets the specific criteria bearing on credit worthiness or insurability.

(3) The consumer furnishing any collateral that is a requirement for the extension of the credit or insurance that was

&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;(A)&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;established before selection of the consumer for the offer of credit or insurance; and

&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;(B)&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;&#x20;disclosed to the consumer in the offer of credit or insurance.

15 U.S.C. § 1681a(l)(1)-(3) (emphasis added). Conspicuously absent from the list of three conditions that a firm offer "may be furthered conditioned on" is payment of a cash fee. Defendant's offer of a Platinum MasterCard, however, requires exactly that. Defendant's offer provides, in unequivocal terms:

> Account Set Up Fee: We impose a one-time Account Set Up Fee of $29.00 to your account <u>as a condition of extending credit to you.</u> This fee is a FINANCE CHARGE.
>
> Program Fee: We impose a one-time Program Fee of $95.00 <u>as a condition of extending credit to you.</u> This fee is a FINANCE CHARGE.

(Emphasis added.)

It is axiomatic that in interpreting a statute, a court first looks to the plain text of the statute. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). The text of the FCRA plainly provides that a "firm offer of credit" may in fact be conditioned on certain requirements. *See, e.g., Kennedy v. Chase Manhattan Bank, USA, NA*, 369 F.3d 833, 841 (5th Cir. 2004) ("a firm offer of credit under the [FCRA] really means a 'firm offer' if you meet certain criteria.") That the words "one or more <u>of the following</u>" establish that such conditions are limited to only those requirements specifically enumerated within the

3

definition itself is hardly revelatory. *See* 15 U.S.C. § 1681a(l) (emphasis added); *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 726 (7th Cir. 2004) (FCRA "provides that [a firm offer of credit] may be conditioned on three specific requirements") (emphasis added); *Zawacki v. Discover Financial Services, Inc.*, No. 06 C 4925, 2007 WL 625454, at *6 (N.D. Ill. Feb. 23, 2007) (the FCRA allows creditors to provide certain "enumerated conditions" in otherwise firm offers) (emphasis added) (Def.'s M. to Dismiss, Exh. 2).

Even though payment of a fee is not one of the enumerated conditions upon which a firm offer may be conditioned,[1] the plain language of Defendant's offer makes it clear that the offer is in fact conditioned on the payment of two fees. Unlike the other fees disclosed in the offer such as the annual fee and the monthly "[p]articipation" fee, which are regularly recurring fees associated with the maintenance of the account, the mailer expressly states that the account set up and program fees are one-time fees imposed as a "condition of extending credit." ((Compl., Exh. A) (emphasis added).) These latter fees are triggered by and are entirely the result of a consumer's decision to accept the credit card (i.e., the offer of credit). Indeed, Defendant readily admits that Plaintiff must pay the fees "if she uses the card or fails to cancel the card within thirty days." (Def.'s M. to Dismiss, at 8.) In either event, Plaintiff is required to pay the fees *simply for availing herself of Defendant's offer of credit.* Payment of the fees is plainly a condition of the offer.

With respect to Defendant's motion to dismiss, Defendant relies heavily on *Perry v. First National Bank*, 459 F.3d 816 (7th Cir. 2006). Defendant does so because the offer of credit at issue in that case was conditioned on payment of a processing fee and an

---

[1] It need hardly be argued that paying a fee neither constitutes a specific criteria bearing on credit worthiness nor verification thereof. (How exactly does a creditor determine from a consumer report that a consumer will pay a $25 fee?) Nor can payment of a cash fee constitute collateral.

4

acceptance fee. Defendant argues that because the Seventh Circuit concluded that the mailer in *Perry* did indeed contain a "firm offer of credit," similar conditions in the mailer in this matter do not preclude a finding that the Defendant's mailer likewise contains a firm offer. Problematic for Defendant, however, is the fact that *Perry* does not address the argument that Plaintiff raises here with respect to the illegality of conditioning a "firm offer of credit" on the payment of a fee, an argument based on subsections 1681a(l)(1)-(3). *Perry* deals exclusively with the question of whether a pre-approved Visa credit card subject to numerous fees, a high interest rate and low credit line offered any value to the recipient under *Cole v. U.S. Capital*, 389 F.3d 719 (7th Cir. 2004).[2] In fact, *Perry* references subsections 1681a(l)(1)-(3) only to note they "are not relevant to this appeal" because the appellant-plaintiff raised no challenge to the processing and acceptance fees based on those subsections. *Id.* at 824. Defendant's reliance on *Perry* is therefore inapposite.

Additional cases cited to by the Defendant are equally unavailing. Indeed, other than *Perry*, only two other cases cited to by the Defendant even involve an offer of credit that is conditioned on the payment of a fee.[3] In any event, not a single decision cited to by Defendant actually addresses the argument raised by Plaintiff: that payment of a fee is not one of the three conditions a firm offer may be conditioned on and therefore any

---

[2] *Cole* is the Seventh Circuit decision in which the court held that an offer of credit towards the purchase of a car that failed to provide an interest rate with any particularity and provided no indication of how interest would compound or a repayment schedule had no real value and thus did not constitute a firm offer. Defendant actually argued in court that the offer was firm despite the presence of language ("[g]uaranteed approval is neither express nor implied") establishing it was anything but. 389 F.3d at 728.

[3] Those two cases are *Griffin v. First Premier Bank*, No. 05 C 01873 (N.D. Ill. Oct. 27, 2006) (Bucklo, J.) (Def.'s M. to Dismiss, Exh. 3), and *Cunningham v. First Bank of Delaware*, No. 07 C 1003 (N.D. Ill. June 18, 2007) (Holderman, J.) (Def.'s M. to Dismiss, Exh. 4). The remaining three cases, *Zawacki v. Goal Financial, LLC*, 483 F. Supp.2d 653 (N.D. Ill. 2007) (Def.'s M. to Dismiss, Exh. 1), *Zawacki v. Discover Financial Services, Inc.*, No. 06 C 4925, 2007 WL 625454 (N.D. Ill. Feb. 23, 2007) (Def.'s M. to Dismiss, Exh. 2) and *King v. Commerce Bancshares, Inc.*, No. 06 C 4117, 2007 WL 781732 (N.D. Ill. March 12, 2007) (Def.'s M. to Dismiss, Exh. 5), do not involve offers of credit requiring the payment of any fee "as a condition of extending credit."

imposition of such a fee prevents the finding of a firm offer. The only case where this argument is even raised is *Cunningham v. First Bank of Delaware*, No. 07 C 1003 (N.D. Ill. June 18, 2007) (Holderman, J.), *appeal docketed*, No. 07-2524 (7th Cir. June 29, 2007) (Def.'s M. to Dismiss, Exh. 4). In his order granting defendant's motion to dismiss, however, Judge Holderman relies entirely on *Perry*, a case that, as discussed *supra*, focuses exclusively on the issue of whether a credit card offer contained value under *Cole* and neither addresses any argument based on, nor provides any analysis of, subsections 1681a(l)(1)-(3). Judge Holderman took no notice of the fact that *Perry* expressly disclaims any analysis of these subsections as not relevant to the appeal, nor did Judge Holderman attempt to reconcile his reliance on *Perry* with the actual text of subsections 1681a(l)(1)-(3). *First Bank of Delaware* is therefore of no value in addressing the merits of Plaintiff's argument. In the absence of any on point case law, all that is left is the actual text of the FCRA.

Defendant's offer of a Platinum MasterCard is not a "firm offer of credit" because, as the offer expressly states, two separate fees are imposed to the account "as a condition of extending credit." The only question raised by these fees is whether Defendant negligently or intentionally failed to comply with the FCRA when it imposed an impermissible condition on the extension of its purported "firm offer of credit." This question cannot be answered on a motion to dismiss and compels denial of Defendant's motion.[4]

---

[4] With respect to Defendant's assertion that Plaintiff failed to allege actual damages, Plaintiff directs the Court's attention to ¶ 13 of the Complaint. Judge Easterbrook acknowledged the reality of such damages in *Murray v. GMAC Mortgage Corp*, 434 F.3d 948, 953 (7th Cir. 2006).

## CONCLUSION

WHEREFORE, Plaintiff Meredith L. Cunningham respectfully requests this Honorable Court deny Defendant First Premier Bank's motion to dismiss.

DATED: August 7, 2007            Respectfully submitted,

                                           s/ Alex Hageli
                                           Alex Hageli
                                           LAW OFFICE OF ALEX M. HAGELI
                                           435 South Cleveland Avenue, Suite 306
                                           Arlington Heights, IL 60005
                                           (847) 392-4832
                                           alex@hageli.com

                                           **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify, on this 7th day of August, 2007, I caused the foregoing **Plaintiff's Response in Opposition to Defendant First Premier Bank's Motion to Dismiss**, to be filed electronically, and served same, by electronic service, upon the following counsel of record:

W. Thomas Taylor
Kevin B. Duff
RACHLIS DURHAM DUFF & ADLER, LLC
542 S. Dearborn Street, Suite 1310
Chicago, IL 60605
312-733-3950


                                             s/ Alex Hageli